UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:        Danny Lee Hakes,                    Case No. 14-32139
                                                  Adv. Pro. No. 14-03199
              Debtor.                             Chapter 13
                                                  Honorable Daniel Opperman
_____/

              Old Republic Insurance Co.,

                     Plaintiff (Appellee),

v.                                                Case No. 15-12720
                                                  Honorable Sean F. Cox
              Danny Lee Hakes,

                     Defendant (Appellant).
_____/

## OPINION & ORDER

This is a bankruptcy appeal from a Chapter 13 Adversary Proceeding. Appellant Danny Lee Hakes's ("Hakes" or "Debtor") appeal relates to the bankruptcy court's "Order Denying Defendant's Motion For Reconsideration Of March 16, 2015, Order Holding Adversary Proceeding In Abeyance." (Adv. Pro. Docket #31). The parties have briefed the issues and the Court entertained oral argument as to Debtor's appeal on January 21, 2016. For the reasons set forth below, the Court shall AFFIRM the bankruptcy court's order.

### BACKGROUND

On July 29, 2014, Debtor Danny Lee Hakes filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. The action was assigned to the Honorable Daniel Opperman, United States Bankruptcy Judge, and was assigned as Case No. 14-32139.

1

**Pending State Court Action**

At the time Debtor filed his bankruptcy case, he was a Defendant in a civil action pending in the Genesee County Circuit Court ("State Court Action"). (Bankr. Docket # 79, Bankr. Opinion at 1).

The State Court Action was filed by Old Republic Insurance Company ("Old Republic") on October 12, 2012. *Id.* In it, Old Republic seeks declaratory relief and restitution for First Party No Fault benefits it paid to Debtor as a result of an accident that occurred on June 23, 2003. *Id.* Old Republic claims that Debtor obtained payments for Attendant Care Services by means of fraud and/or misrepresentation. (Docket # 9, Old Republic's App. Br. at 2). In October 2013, Old Republic stopped paying Debtor PIP benefits. (Docket #7, Debtor's App. Br. at 8). In response, Debtor filed a counterclaim. (Old Republic's App. Br. at Ex. 2). In it, Debtor seeks damages for intentional infliction of emotional distress, fraud, conspiracy to commit intentional torts, breach of contract, and violations of Michigan No Fault laws. *Id.*

**Bankruptcy Court Filings**

On July 29, 2014, while the State Court Action was still pending, Debtor Danny Lee Hakes petitioned for bankruptcy. On November 24, 2014, Old Republic filed a proof of claim in the amount of $622,590 for "Money Received by False Representation." (Old Republic's App. Br. at Ex. 3, Proof of Claim.). That same day, Debtor filed an objection to the proof of claim. (Bankr. Docket #61). Debtor contends that Old Republic is precluded from bringing its proof of claim under the applicable statute of limitations, and under theories of judicial estoppel and equitable estoppel. *Id.*

On November 24, 2014, Old Republic also filed a complaint against Debtor pursuant to

2

11 U.S.C. 523(a)(2), pending as Adversary Proceeding No. 14-3199. (Adv. Pro. Docket #1). In its complaint, Old Republic objects to the dischargeability of its claims because of the fraud and misrepresentation allegedly committed by Debtor under Michigan law. Debtor filed a counterclaim against Old Republic, seeking declaratory relief from the court as to his entitlement to No Fault benefits, as well as attendant relief and costs. (Adv. Pro. Docket #9).

On December 18, 2014, Old Republic filed a "Motion for Abstention from Determination of claims, Lift of Stay, and Abeyance of Adversary Proceeding Pending Resolution of Prepetition Lawsuit." (Bankr. Docket #64, Old Republic's Motion). The motion sought the following three things from the bankruptcy court: 1) relief from the automatic stay in order to allow the State Court Action to proceed in circuit court; 2) abstention from making a determination as to its Proof of Claim until the validity of its claims were determined in the State Court Action; and 3) abeyance of the Adversary Proceeding until the State Court Action was resolved. Old Republic argued that its proof of claim and Debtor's claim discharge objections all involved a determination of the issues that were already being adjudicated in the State Court Action.

**Bankruptcy Court's Opinion Regarding Old Republic's Abstention, Lift of Stay, and Abeyance Motion**

On March 16, 2015, the bankruptcy court granted Old Republic's motion through an Order Granting Motion for Relief from Stay (Bankr. Docket # 80) and an Order Holding Adversary Proceeding in Abeyance (Adv. Pro. Docket #31, Abeyance Order), both entered in connection with a contemporaneous Opinion Granting Motion for Relief from Stay re: Abstention from Determination of Claims, Lift of Stay to Continue Prepetition Lawsuit and Abeyance of Adversary Proceeding Pending Resolution of Prepetition Lawsuit Filed By Old

Republic Bank. (Bankr. Docket #79, Bankr. Opinion).

In his Opinion, Judge Opperman characterized the parties' competing positions as follows:

> [In support of abstention], Old Republic asserts that the State Court Action involves determinations of Michigan law, which includes a jury demand. According to Old Republic, a trial on this matter will last several weeks, and will involve 'testimony from at least three independent medical examiners, a forensic accounting expert, all of [Debtor's] physicians (covering a lifetime of treatment), at least 14 different alleged attendant care providers, [Debtor's] expert witnesses, and numerous other witnesses (including police officers and other individuals with knowledge of [Debtor's] conditions, actions, and activities).' (Old Republic Motion, at 3, ¶ 11). Old Republic also asserts that the Genesee County Circuit Court had actively overseen this case for twenty-one (21) months prior to Debtor's bankruptcy filing, and has extensive knowledge of the facts, background and parties' positions as is evidenced by rulings made by the Genesee County Circuit Court regarding dispositive motions filed by both Debtor and Old Republic, as well as 'voluminous discovery,' numerous discovery disputes, 'at least 37 motions filed, and 14 court hearings.' (Old Republic Motion, at 2, ¶ 7).
>
> Debtor takes the position that when Old Republic filed a claim in this bankruptcy case, it 'invoked this Court's 'core' subject matter jurisdiction.' Debtor asserts that this, coupled with Old Republic filing the dischargeability adversary proceeding against him, 'necessarily invoked Bankruptcy resulting, sole jurisdiction over Old Republic Insurance's claims against' him. (Debtor's Response Memorandum, at 2).

(Bankr. Opinion at 2-3).

The court rejected Debtor's argument and concluded that the circumstances warranted permissive abstention pursuant to 28 U.S.C. § 1334(c). In reaching this conclusion, the bankruptcy court considered the 13 non-exclusive factors relied upon by courts when determining whether or not permissive abstention is appropriate. After analyzing all of the factors, the Court granted Old Republic's motion:

> Accordingly, the Motion for Permissive Abstention of Old Republic is granted. Because the Court abstains from hearing this claim determination, lift of stay to continue this matter in the Genesee County Circuit Court is a natural consequence of abstention, and it is unnecessary for this Court to separately rule on the motion

>for relief from stay.  The same holds true for Old Republic's request to hold the dischargeability adversary proceeding in abeyance.  Once the State Court Action is fully litigated and decided, any determination as to the dischargeability of any debt Debtor owes Old Republic will then be determined by this Court.
>
>. . . .
>
>The Court will enter a separate Order to hold Adversary Proceeding No. 14-3199 in abeyance.

(Bankr. Opinion at 6-7).

**The Bankruptcy Court's Denial of Debtor's Motion For Reconsideration**

On March 22, 2015, Debtor filed a Motion for Reconsideration of the bankruptcy court's March 16, 2015, Order Holding Adversary Proceeding in Abeyance, which was entered in connection with the court's Opinion granting Old Republic's Motion for Relief from Stay.  (Adv. Pro. Docket #32, Motion for Reconsideration).  In his motion, Debtor argued that the bankruptcy court committed palpable errors, in: 1) abstaining from determining whether to allow or disallow Old Republic's filed Proof of Claim in 14-32139, in favor of allowing a future non-bankruptcy, state court jury, to make that determination; 2) not stating how the abstention and the dischargeability abeyance are to proceed; and 3) invalidly outsourcing the determination of the Chapter 13 Estate's own claims against Old Republic to that same, to-be-formed-in-the-future, state court jury.  (Motion for Reconsideration at 9).

The bankruptcy court denied that motion in an "Order Denying [Debtor's] Motion for Reconsideration of March 16, 2015, Order Holding Adversary Proceeding in Abeyance."  (Adv. Pro. Docket #43).

**Debtor's Notice of Appeal**

On August 4, 2015, Debtor filed a Notice of Appeal, appealing "from the order of the Bankruptcy Court - 'Order Denying Defendant's Motion For Reconsideration of March 16, 2015, Order Holding Adversary Proceeding in Abeyance,' entered in this Adversary Proceeding on July 30, 2015."  (Docket # 1).

## STANDARD OF REVIEW

Here, Debtor appeals from the bankruptcy court's "Order Denying Defendant's Motion for Reconsideration of March 16, 2015, Order Holding Adversary Proceeding in Abeyance." (Docket # 1, Notice of Appeal).

An order which grants or denies a motion for reconsideration is reviewed for an abuse of discretion, except that any aspect of the ruling that relies upon issues of law is subject to de novo review.  *Greenwell v. Parsley*, 541 F.3d 401, 403 (6th Cir. 2008).

> The denial of a Rule 59(e) motion for reconsideration is reviewed for abuse of discretion. "'Under this standard [of review], the [court's] decision and decision-making process need only be reasonable.'"  The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly."  This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to 'correct manifest errors of law or fact or to present newly discovered evidence.'"

*In re J&M Salupo Development Co.*, 388 B.R. 795, 800-01 (6th Cir. BAP 2008) (quoting *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007)) (internal citations and footnotes omitted).

Similarly, motions for relief from judgment pursuant to Rule 60(b) are subject to abuse of discretion review.  *Id.* at 801.

## ANALYSIS

As an initial matter, Debtor's arguments on appeal appear to center around the

bankruptcy court's underlying "Order Holding the Adversary Proceeding in Abeyance." Debtor mistakenly asserts that the issue before the Court is "whether the March 16, 2015, 'Order of Abeyance,' as drafted and entered by the Bankruptcy Court, unnecessarily and invalidly imperiled the § 541 Estate's own post-petition contended cause of action against Old Republic Insurance Company." (Docket #7, Debtor's App. Br. at 4). However, Debtor fails to address the order actually appealed: Order Denying Motion for Reconsideration.[1] (*See* Notice of Appeal). The time for appealing the underlying "Order Holding the Adversary Proceeding in Abeyance" has passed. *See* Fed. R. Bankr. P. 8002(a), (b). Rather than appeal the underlying Abeyance Order, Debtor filed a Notice of Appeal, appealing from the bankruptcy court's Order Denying Motion for Reconsideration. Accordingly, the only issue properly before the Court is whether the bankruptcy court abused its discretion in denying Debtor's Motion for Reconsideration.

Debtor has failed to apprise this Court of the reasons why he believes the bankruptcy court's denial of his Motion for Reconsideration constitutes an abuse of discretion. Instead, Debtor reasserts the same arguments advanced before the bankruptcy court in his pleadings opposing Old Republic's motion and again in his reconsideration motion.

Morever, even assuming, *arguendo*, that this is a legitimate appeal of the underlying Order of Abeyance, it still fails.

**I. The Bankruptcy Court Did Not Err in Denying Debtor's Motion for**

---

[1] Although it is not entirely clear, Old Republic also appears mistaken as to the order actually appealed by Debtor. Old Republic correctly contends that Debtor avoids addressing how the bankruptcy court's ruling constitutes an abuse of discretion, however it later asks the Court to affirm the "Opinion Granting Abstention." (Docket # 9, Old Republic's App. Br. at 7, 10).

**Reconsideration, Where Nothing in Debtor's Motion Warranted Reconsideration of the Underlying Abeyance Order**

In its Opinion Denying Debtor's Motion for Reconsideration, the bankruptcy court noted that Debtor's motion was governed by Fed. R. Bankr. P. 9023 and L.R. Bankr. P. 9024-1.[2] The court acknowledged that Rule 9023 makes Fed. R. Civ. P. 59(e) applicable to bankruptcy court proceedings, and that Local Rule 9024-1 makes Fed. R. Civ. P. 60 applicable to bankruptcy court proceedings. Thus, the bankruptcy court properly viewed Debtors motion as a FRCP 59 motion to alter or amend a judgment or, alternatively, as a motion for relief from judgment pursuant to FRCP 60.

Pursuant to Local Rule 9024-1, a court must grant a timely filed motion for reconsideration if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. L.R. Bankr. P. 9024-1.

### A. Bankruptcy Court Was Not Misled By A Palpable Defect

The bankruptcy court properly denied Debtor's motion to the extent that it was construed as an FRCP 59(e) motion to alter or amend the judgment.

To establish a palpable defect in the context of FRCP 59(e), a party must point to: "1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) a need to prevent manifest injustice." *United States v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008). A Rule 59(e) motion "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations

---

[2] Debtor brought his Motion for Reconsideration pursuant to "Fed. R. Bankr. P. 7059." The Court has not been able to locate the Bankruptcy Rule 7059.

omitted).

In his Motion for Reconsideration, Debtor did not point to any clear error of law committed by the bankruptcy court. Debtor focused mainly on the bankruptcy court's decision to abstain from making claim determinations. Debtor failed to point out how the bankruptcy court's application of the 13 non-exclusive abstention factors was erroneous. Further, Debtor failed to direct the bankruptcy court to an intervening change in controlling law, newly discovered evidence, or the prospect of manifest injustice.

The bankruptcy court correctly concluded that Debtor had done nothing more than recite the history of the case and repeat arguments the Court considered in issuing the Abeyance Order and underlying Opinion. In denying debtor's motion, the court concluded that:

> [Debtor] has not shown the requisite clear error of law. Further, Defendant has not directed the Court to an intervening change in controlling law, the availability of new evidence, or the prospect of manifest injustice. Defendant has not identified any controlling authority that this Court overlooked, or factual evidence that this Court ignored. The Court also concludes that Defendant has not shown any extraordinary circumstances warranting relief.

(Adv. Pro. Docket #42, Opinion Denying Reconsideration Motion at 5-6). Even on appeal, Debtor fails to point out any palpable defect (i.e. clear error of law, newly discovered evidence, intervening change in controlling law, or a need to prevent manifest injustice) that would warrant setting aside the underlying Abeyance Order.

### B. Debtor Failed To Advance Sufficient Reason to Justify Relief

The bankruptcy court properly denied Debtor's motion to the extent that it was construed as a FRCP 60(b) motion for relief from judgment.

The bankruptcy court properly determined that the only applicable subsection of Rule 60(b) is subsection (b)(6), which allows the court to grant the motion for "any other reason that

justifies relief." Fed. R. Civ. P. 60(b)(6). This clause, however, only applies in unusual and extreme situations. The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). In addition, a party may not use a Rule 60(b) motion as " substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Id*. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted). The party seeking to invoke the rule bears the burden of establishing that its prerequisites are satisfied. *Id.* at 385.

A bankruptcy court's denial of a Rule 60(b)(6) motion is examined for an abuse of discretion, "which is 'especially broad' given the underlying equitable principles involved." *Id.*

Here, the bankruptcy court properly determined that Debtor's motion did not establish the existence of any exceptional or extraordinary circumstances that would warrant the relief requested – especially since Debtor's arguments were merely recitations of arguments previously rejected by the court. On appeal, Debtor has also failed to establish the existence of any exceptional circumstance that would warrant the requested relief.

**II.     Even If Debtor Properly Appealed The Underlying Order of Abeyance, Debtor's Arguments Are Without Merit**

Rather than properly address the order appealed, Debtor addresses the bankruptcy court's underlying Abeyance Order and the purported error committed by the court in filing this Order.

### A.     The Bankruptcy Court Did Not Commit An Error of Law By Abstaining and Holding The Adversary Proceeding In Abeyance.

First, Debtor argues that the bankruptcy court acted without authority when it abstained from determining claims and when it held the Adversary Proceeding in abeyance. The Court notes that this argument has already been rejected by the bankruptcy court on more than one occasion. (Bankr. Opinion; Opinion Denying Reconsideration Motion). Much of Debtor's arguments against abstention and abeyance center around the assertion that Old Republic subjected itself to the bankruptcy court's exclusive jurisdiction when it filed its proof of claim, and that jurisdiction was cemented when Debtor filed his objection to the Old Republic's claim.

Detrimental to Debtor's argument is 28 U.S.C. § 1334(c)(1), which states:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Accordingly, bankruptcy courts have discretion to abstain from hearing certain causes of action. In determining whether to permissively abstain under § 1334(c)(1), a court may consider a number of factors, including: 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form

of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden on the bankruptcy court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors. *In re Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995).

"The decision whether to abstain is within the sound discretion of the bankruptcy judge." *McDaniel v. ABN Amro Mortg. Group*, 364 B.R. 644, 650 (S.D. Ohio 2007) (citing *In re Tremaine*, at 384). Based on a review of the applicable law, the bankruptcy court acted within its discretion when it abstained from determining the dischargeability of Old Republic's claims, thereby holding the Adversary Proceeding in abeyance. Upon making its determination, the court found:

> that abstention would assist in the efficient administration of the estate; that state law issues predominate over bankruptcy issues, particularly issues involving Michigan statutory No Fault Law and common law, but while recognizing that the subject area of state law may not be particularly difficult or unsettled; that the timing of the state court matter preceding the bankruptcy weighed in favor of permissive abstention; that there was no jurisdictional basis other than the bankruptcy to hear this primarily state court claim rejecting the Defendant's argument that Old Republic Bank's filing of a claim in the bankruptcy is sufficient to establish sufficient relatedness, a claim which should be resolved in state court; that an eventual nondischargeability determination is a practical outcome of this proceeding, only to which this Court would be bound to apply applicable principles of the Rooker-Feldman Doctrine and collateral estoppel; and that the Court carefully analyzed each of the other elements, determining such to be neutral or weighing in favor of Old Republic.

(Opinion Denying Reconsideration Motion).

Based on the above, the bankruptcy court's determination was reasonable. The court

correctly applied the relevant law to the facts before it. Debtor has made no effort to suggest otherwise. Notably, Debtor appears to ignore § 1334(c)(1) in its entirety.

In addition, Debtor's position appears to be that the "Bankruptcy Court and not a Genesee County Circuit Court Jury should determine Old Republic's Proof of Claim and the Bankruptcy Estate claims against Old Republic." Debtor's argument here is misplaced. The bankruptcy court, and not a state court jury, will make a dischargeability determination as to Old Republic's claims once the fraud allegations are litigated.

It bears noting that the bankruptcy court's decision here is not unprecedented. A factual scenario very similar was recently before the Sixth Circuit in *In re Martin*, 542 B.R. 199 (6th Cir. BAP 2015).[3] There, creditors filed an adversary complaint, seeking a determination that the debt stemming from an on-going state court proceeding against the debtor was nondischargeable. The creditors additionally moved for relief from stay in order to continue litigating allegations of fraud against the debtor in state court. The bankruptcy court granted the motion and held the adversary proceeding in abeyance pending the outcome of the state court proceeding. The Bankruptcy Appellate Panel held that the court did not abuse its discretion in granting the motion. The Panel explained that "the bankruptcy court does not improperly abdicate its role by holding an adversary proceeding to determine the dischargeability of a potential debt in abeyance in order to allow completion of an on-going state court litigation regarding the cause of action giving rise to the potential debt." *Id.* at 203.

For the reasons stated above, the argument advanced here is unpersuasive.

---

[3] *In re Martin* is different in that the court's decision to lift the automatic stay was being appealed, rather than an Abeyance Order. However, the facts and the issues are similar enough that discussion is helpful.

### B. Debtor's Argument Re: Improper Preclusion Of Estate's Post-Petition Claims Is Without Merit

Debtor also argues that the Order of Abeyance "improperly did not expressly declare whether the contemplated future jury verdict would preclude the estate's post-petition cause of action against Old Republic." (Debtor's App. Br. at 5). Debtor's argument here centers on a January 30, 2006, Arbitrator's Award, where it is stated that "Danny L. Hakes shall receive $250,000 from Respondent Old Republic Insurance Company for his no-fault (PIP) benefits arising out of his motor vehicle/motorcycle accident of June 23, 2003, as set forth below." *Id.* at 16. The Arbitration Award, however, "does not address and has no effect upon Claimant's no fault claims under MCL 500.3107(a) subsequent to the date of this award." (Docket #11, Pg ID 360, Arbitration Award).

Here, Debtor advances another exclusive jurisdiction argument and contends that a state court jury should not decide a bankruptcy estate's post-petition PIP claims against Old Republic without the estate's consent. (Docket #14, Debtor's "Sur" Sur Reply at 7). It is not clear to the Court how this argument has any bearing on the issues before it. Debtor does not properly flesh out his argument and fails to support it with any relevant authority. Again, it appears that Debtor misconstrues the effect of the bankruptcy court's Order of Abeyance. The bankruptcy court has held the Adversary Proceeding in abeyance and has abstained from determining dischargeability of Old Republic's claims because they are based upon allegations of fraud currently being litigated in a State Court Action. Once the State Court Action is resolved, the bankruptcy court will make determinations as to pre-petition and post-petition claims filed by both parties. Contrary to Debtor's assertions, the state court jury will only make findings of fact as they pertain to Old Republic's fraud allegations against Debtor.

Moreover, the Court is inclined to agree with Old Republic in that Debtor appears to skirt around addressing the bankruptcy court's ruling directly, and instead "muddies the waters on the permissibility of abstention... and leads the Court down a confusing path discussing why the rights of [Debtor's] bankruptcy estate are separate from those of [Debtor] and how allowing abstention will forever impair the rights of his bankruptcy estate." (Old Republic's App. Br. at 7-8).

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that the bankruptcy court's order is AFFIRMED.

**IT IS SO ORDERED**.

                                                                            S/Sean F. Cox
                                                                            Sean F. Cox
                                                                            United States District Judge

Dated: February 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager